FILED
NOV 15 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael S. Gorbey,  )
            )
       Plaintiff,  )
            )
v.  ) Civil Action No. 10-1751 (UNA)
            )
            )
The District of Columbia *et al.*,  )
            )
       Defendants.  )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a District of Columbia prisoner confined at the Federal Correctional Institution in Coleman, Florida. He sues, *inter alia*, the District of Columbia, the Attorney General for the District of Columbia, the D.C. Office of Bar Counsel and the District of Columbia courts for alleged negligence and violations of his constitutional rights. The claims stem from plaintiff's alleged "illegal prosecution, conviction, sentence and[/]or confinement." Compl. at 2. Plaintiff faults each defendant for the alleged ineffective assistance he received from different counsel appointed to represent him during his criminal prosecution and on direct appeal of his judgment of conviction. *See id.* at 2-7. He seeks, among other relief, $9 million in monetary damages and the "removal" of defendants from office. *Id.* at 10. He also requests that the defendants be "forever bared [sic] from any and all state or federal employement [sic]." *Id.*

In essence, plaintiff is challenging his Superior Court conviction resulting from his arrest in January 2008. *See id.* at 2. Dismissal of this action is warranted for the following reasons. First, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy in habeas. *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988)). Second, plaintiff cannot recover monetary damages under the circumstances presented without first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Third, as to the named defendants, the complaint lacks "any factual and legal basis for the asserted wrong" and, thus, is subject to dismissal also on the ground of frivolousness. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: November 9, 2010

Rosemary M. Colly
United States District Judge